Bishop *v.* McDonald.

----

HENRY N. BISHOP, President, &c. *v.* ROBERT McDONALD, President, &c.

The intent of the act of congress granting the sixteenth section for the purposes of common schools, was that the proceeds arising from it should be used for the benefit of those who were to be educated residing in the township.

It is immaterial whether the school at which those are educated who live in the township is situated therein or not, so that the fund is applied for the benefit of the children who reside in the township.

Bishop *v.* McDonald.

IN error from the circuit court of Noxubee county; Hon. John Watts, judge.

This was a suit originally instituted before a justice of the peace in Noxubee county, by the plaintiff in error, as president of the board of school trustees, of section sixteen, T. 13, R. 19 east, against the defendant in error, as president of the board of trustees of section sixteen, T. 14, R. 19 east, in the county of Noxubee, to recover a certain portion of the school fund arising from the last-named section (16, T. 14, R. 19), on account of the tuition of children residing therein, who attended the school in township thirteen, not the one in which they resided, because it was nearer to them than the township in which they lived.

Judgment was rendered on demurrer for the defendant, and the plaintiff prayed a writ of error to this court.

*J. J. Beauchamp,* for appellant,
Cited Hutch. Code, 222; Acts Leg. 1842; Hutch. Code, 568.

*T. J.* and *F. A. R. Wharton,* for appellee,
In reply, cited and commented on the same authorities referred to by counsel for appellant.

Mr. Justice FISHER delivered the opinion of the court.

This was an action commenced before a justice of the peace, by the plaintiff in error, as president of the board of school trustees of section sixteen, in township thirteen, range nineteen east, against the defendant in error, as president of the board of trustees of section sixteen, in township fourteen of the same range, to recover a certain portion of the school fund arising from the sixteenth section in the last-named township on account of the tuition of children residing therein who attended the school in township thirteen.

The only question presented for decision is, whether the proviso in the fourth section of the act of 1842, Hutch. Code, 222, is in conflict with the act of congress which declares that the sixteenth section of each township shall be reserved for the support of schools within the same. Hutch. Code, 568. The

proviso in the act of 1842 is in these words. " That when a school is established in an adjoining township, nearer or more convenient than any in the township wherein any child or children may reside, it shall be lawful for said child or children to obtain admission into such school as a scholar or scholars thereof; and it shall be the duty of the trustees of said township wherein said child or children may reside, to pay over to the trustees of said other township, for the benefit of said school, the proportion due for and on account of such child or children."

The act of congress intended the sixteenth section to be employed for the benefit of those who were to be educated in the township, and it was therefore immaterial whether the school was situated therein or not, so that the fund was applied for the benefit of the children who resided in the township. There is, therefore, no conflict between the act of congress and the proviso, as quoted.

Judgment reversed, and cause remanded.