PATTERSON P. WINDHAM, Prest. &c. v. JOHN CHISHOLM.

SCHOOL-LANDS: RIGHT OF POSSESSION IN THE TRUSTEES OF THE TOWNSHIP: ACTION OF EJECTMENT BY.—The power to lease the sixteen sections reserved for the use of schools, was granted to the trustees of the several townships by the Act of 1833 (Hutch. Dig. 213, §§ 1 and 2), and, as an incident to such power, the right to the possession of the same: an action of ejectment may, therefore, be maintained by the Board of Trustees, in the name of their President, to recover possession of such land when wrongfully withheld from them. See *Phillips* v. *Burrus*, 13 S. & M. 31; *Connell* v. *Woodard*, 5 How. 672.

ERROR to the Circuit Court of Kemper county. Hon. William L. Harris, judge.

Patterson P. Windham, as President of the Board of Trustees of Township nine, Range fourteen east, brought this action of ejectment to recover the possession of the southwest quarter of the sixteenth section in said township.

The defendant pleaded the general issue; and on the trial it was admitted, that the defendant was in possession of the land sued for at the commencement of the suit, and that the plaintiff was President of the Board of Trustees. The defendant set up no title, but relied solely on the want of title in the plaintiff. At the instance of defendant, the court instructed the jury that the plaintiff had no such right to the premises, as would authorize him to maintain the action, and the plaintiff excepted.

There was a verdict and judgment for the defendant, and the plaintiff sued out this writ of error.

*McAllum* and *Farrar*, for plaintiff in error,

Cited *Phillips* v. *Burrus*, 13 S. & M. 31; *Connell* v. *Woodard*, 5 How. 672; and, Hutch. Dig. 213, §§ 1 and 2.

*George L. Potter* and *J. S. Hamm,* for defendant in error,

Contended, that the title to the sixteenth sections remained in the United States, and that plaintiff could not therefore sue; and they cited and commented on the several acts of Congress, passed in relation to the school-lands in this State, to sustain this view.

HANDY, J., delivered the opinion of the court.

The question in this case is, whether the plaintiff, as President of the Board of Trustees of Schools and School-lands, had such title to the sixteenth section in controversy, as to enable him to maintain an action to recover possession.

By the Act of Congress of March 3, 1803, the sixteenth section of every township of lands thereby directed to be sold, is *reserved* for the support of schools within the township. And, by the Act of 19th May, 1852, the legislature of this State was authorized to sell and convey in fee simple, or to lease for a term of years, such lands, and sales of such lands previously made, were by that act ratified. And the same provision was made by Act of 3d March, 1857.

By the Act of 1833, the legislature of this State authorized the trustees of school-lands, to lease the sixteenth sections for the term of ninety-nine years. Hutch. Code, 213, §§ 1 and 2. This was such a disposition of them as was recognized by the acts of Congress. The power of leasing thus granted, was for the purpose of enabling the trustees to receive the money arising therefrom, and to apply it to the benefit of schools. It was essential to the full enjoyment of these rights, that the trustees should have the right of possession of the premises, in order that possession might be delivered to the lessee; for, if the premises were in adverse possession, the sum to be obtained for the lease would of course be diminished, and the full benefit of it be lost. Hence the right of possession, under the peculiar circumstances, passed to the trustees, in virtue of the power over the premises conferred upon them by law, and as an incident to that power.

Their right of possession has been recognized by this court in *Phillips* v. *Burrus et al.* 13 S. & M. 31; and the right of the State to control such lands, when there is no controversy between the State and the United States, has been sanctioned in *Connell* v.

*Woodard,* 5 How. 672. This has been much strengthened by the acts of Congress above referred to, which have been passed since the latter case was decided.

Judgment reversed, and the cause remanded for a new trial.