## M. A. RABB *v.* BOARD OF SUPERVISORS OF WASHINGTON COUNTY.

1. SCHOOL LAND. *Sixteenth sections. Ejectment by board of supervisors.*
   Section 741 of the Code of 1880, which provides for the election of school trustees in every township of the State and confers upon them the power to "maintain all actions or suits which may be necessary to secure the inhabitants of the township their right to the sixteenth sections thereof, or other land in lieu thereof," precludes the board of supervisors of any county from maintaining ejectment for such land.

2. SAME. *Title to sixteenth sections. Statute of limitations.*
   The title to sixteenth sections of land, or other sections in lieu thereof, dedicated by acts of Congress to the support of schools in this State, was by such acts reserved in the United States government, subject to be divested by the State for the purpose to which the land was devoted, and while thus held by the Federal government, the State having taken no action in reference thereto, it cannot be affected by any adverse possession or statute of limitations.

APPEAL from the Circuit Court of Washington County.

HON. J. B. CHRISMAN, Judge, specially presiding, by interchange with Hon. B. F. Trimble.

The case is stated in the opinion of the court.

*S. H. King,* for the appellant.

1. The school-laws of the State have been revised by the present Constitution of Mississippi and Code 1880. *Board of Education v. Aberdeen* (and cases therein cited), 56 Miss. 528.

"The board of education is hereby authorized and empowered to bring and maintain suits at law or in equity in the name of such board, etc., for the recovery of any moneys, lands, etc., held in trust by the State, etc." Code 1880, § 689.

If the property be held in trust by the State, the above section applies.

"The trustees of such township may institute any proper legal proceeding to compel a due observance of the rights of the inhabitants of the township, etc." Code 1880, § 740.

"Which trustees shall have the power, etc., and said trustees may maintain all actions or suits which may be necessary to secure the inhabitants of the township their right to the sixteenth section

thereof, or other land in lieu thereof, or the income arising there-from." Code 1880, § 741.

We find in the Code of 1880 certain sections authorizing the board of education and township trustees to institute suits for school lands, but none authorizing such suits on the part of the board of supervisors.

2. We think the suit is barred by the statute of limitations, and that the limitation is good for the period of ninety-nine years, if not more, from the time the right to hold the land accrued under the statute of limitations.

The plaintiffs set forth in their declaration that their right of action accrued in the year 1868. Now, in such case, is it necessary that there must be an " adverse holding " to defeat this suit? *Birnie et al.* v. *Main,* Supreme Court of Arkansas, decided in 1878. See also Code 1880, § 2664, and, for the policy of our legislation on this subject, § 2668.

" Shall vest a *full and complete title.*"

But we have gone a step further than the law requires and have offered to prove adverse possession.

" If we regard the title as vested in the county, or in any of the officers or *boards* thereof, the statute of limitations will run against them." *Brown* v. *Supervisors,* 54 Miss. 233.

What I have said about the statute of limitations has no application to this case, unless the court decides that the title is vested in the officers who instituted this suit, or, in other words, unless I fail to convince the court that the board of supervisors are not the proper parties to bring this suit. I do not believe they could have instituted this suit, even if there were no trustees for the township in which this land is located. It is certainly doing them a great injustice in the matter, unless they have been persuaded against doing anything in the matter.

*W. R. Trigg,* for the appellee.

The court properly overruled the objection of the defendant to the reading of the declaration, the board of supervisors being the proper, if not the only, parties who could institute suit for the recovery of school lands. They are the custodians of these lands.

Code 1880, §§ 732, 744, 897 ; *Lewis* v. *Board of Supervisors Washington County*, MS. opinion last term ; *Brown* v. *Board of Supervisors*, 54 Miss. 232.

The court was correct in its ruling excluding the testimony offered by the defendant. The admissions of the defendant precluded the defendant from the introduction of any evidence to prove an adverse holding.

No title could be acquired until purchase or lease from proper authority and the lease money paid. See Dancing Rabbit Creek Treaty and Acts of Congress 1803 and 1815, reserving these lands for acquisition. Code, p. 213, §§ 1 and 2.

Acts of 1850, p. 150, provides the way in which school lands can be held in Washington County.

We submit that this was a local act, and has never been by any direct or special act of the legislature repealed.

Again, the statute will not run against these lands, since they constitute a trust fund out of which the minor children of the present and future generations are to be educated.

It is, then, trust property, and can never be lost or disposed of except in the manner prescribed by the law creating the trust. *Vernon* v. *Board of Supervisors*, 47 Miss. 181 ; 48 Miss. 574 ; 4 Howard 13 ; 58 Miss. 337 ; Angell on Lim., § 37.

*T. S. Ford*, Attorney General, on the same side.

By operation of § 732 of the Code of 1880, the board of supervisors of each county are vested with the power of leasing sixteenth sections or other land reserved in lieu thereof by act of Congress. Applying the reasoning of the court in the case of *Windham* v. *Chisholm*, 6 Geo. 532, to the case at bar, I submit that it is clear that the board of supervisors had the right to bring this suit. If they have the power to lease, which was formerly possessed by the township trustees, as an incident and a necessary concomitant and adjunct to that power they are vested with authority to put their lessee in possession. This carries with it necessarily the right of possession ; and if the principle laid down by the court in *Windham* v. *Chisholm* is correct, it must be true that the board of supervisors, who have, by operation of the Code

of 1880, become the successors of the board of trustees as to the function of letting school lands, are armed with the power to recover possession of these lands.

It may be true that this suit might have been instituted by the trustees of the township in which the land in controversy is situated, provided that such trustees had been elected.

These lands were, by act of Congress, March 3, 1803, "reserved" for the support of public schools in each township. By act of Congress, May 9, 1852, the State of Mississippi was allowed to lease the school lands. Until the State has once undertaken to lease the lands in controversy, it cannot be said that any statute of limitations could commence to run so as to defeat the original and continuing reservation.

ARNOLD, J., delivered the opinion of the court.

The Board of Supervisors of Washington County sued M. A. Rabb, in ejectment, to recover possession of certain land set apart by law as a school section in lieu of section sixteen, which had been previously entered, and being part of the school section of the township. It was admitted by the defendant that the land sued for was school land set apart for the use of schools in a certain township of Washington County; that the land had never been leased to her or to any party under whom she holds; that she had never paid or tendered any money for the use and occupation of the land; and that she does not claim to hold it by any lease or deed from the plaintiffs, or any other person or body authorized to lease or convey the same. After these admissions, the defendant offered to prove that she had been in open, notorious, continuous, adverse possession of the land, and claiming it against the world for ten years prior to the institution of the suit.

This evidence was objected to by the plaintiffs, and the objection was sustained by the court. The court instructed the jury to find for the plaintiffs, which they did, and from the judgment on that verdict the defendant appealed.

The record presents two propositions for decision: First, whether it was competent for the board of supervisors to maintain the suit;

and second, whether, under the testimony, adverse possession for ten years was a defense to the action.    We resolve each of·these propositions in the negative.

The land in controversy does not belong to Washington County. Like all sixteenth section land or land in lieu thereof reserved by act of Congress for the support of schools in this State, it is trust property for the benefit of schools in the township in which it is situate, and it can be devoted to no other use or purpose.    *Morton* v. *Grenada Academy,* 8 S. & M. 773; *Bishop* v. *McDonald,* 27 Miss. 371.

The Code of 1880 recognizes and maintains the local rights and interests connected with such land, and commits the management and disposition of the same to agencies to be selected by the inhabi-ᵢ tants of the township.    It provides that the board of supervisors under certain conditions prescribed, on application made by a· majority of the resident heads of families in any township, may lease such land and take notes therefor, payable to its president, and collect the same by suit if necessary, but the money when collected must be paid to the trustees of the township in which the land is located.    Code, §§ 732; 740, 744.    And the authority conferred upon the board to lease such land would imply the power to sue in ejectment·for its possession if there were no statute to the contrary. *Windham* v. *Chisholm,* 35 Miss. 531.    But § 741 of the Code provides for the election of trustees in every township, " to represent the inhabitants thereof in all matters pertaining to the section number sixteen or other section in lieu thereof, or the money arising from any disposition of such section   *   *   *; and said trustees may maintain all actions or suits which may be necessary to secure the inhabitants of the township their right to the sixteenth section thereof or other land in lieu thereof, or the income arising therefrom, for the support of schools within such township."

It is not shown that the beneficiaries for whom the land in this suit was reserved by act of Congress have ever applied to the board of supervisors to take any action in regard to the same. The power vested in local trustees, under the provisions of the code above quoted, precludes the board of supervisors from bring-ing or maintaining ejectment for the land.

The statute of limitations or adverse possession could not, under the facts of record, avail the appellant, for the reason that, inasmuch as the State has never attempted, as far as the record shows, to deal in any manner with the land in controversy, the legal title to the same is in the United States. The act of Congress of March 3, 1803, simply reserved such land from sale and dedicated it forever to the support of schools in the respective townships in which it was located. The acts of Congress of May 19, 1852, and of March 3, 1857, approved and ratified leases and sales of such land previously made by authority of the State, and authorized the State to lease or sell such of said land as had not already been disposed of for the objects aforesaid and in accordance with the wishes of the beneficiaries in the reservation. It appears that the several acts of Congress left the legal title to such land in the United States, subject to be divested by the State through any agencies it might designate, for the purposes specified in the acts and for none other. Until the State acts with reference to such land it remains as public land of the general government, irrevocably devoted to a specific purpose, and the title to the same is not affected by any adverse possession or statute of limitations.

*Reversed and case dismissed.*